IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-55,560-03




EX PARTE DANNY RAY MCLAIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 8340 IN THE 29TH DISTRICT COURT
FROM PALO PINTO COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to twenty years’ imprisonment. 
            Applicant contends, among other things,


 that he is being denied credit for time spent in
custody pursuant to various pre-revocation warrants before his parole was revoked. Applicant has
alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim.
App. 2004). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact.
            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file an affidavit listing all the sentences Applicant is currently serving, their sentence
begin dates, and the dates upon which Applicant has been released to parole or mandatory
supervision. The affidavit shall also list the dates of issuance and execution of any parole-revocation
warrants leading to the revocation of such parole or mandatory supervision, including any detainers
placed on Applicant while he was in custody in other States, and the dates of his revocation(s). The
affidavit should state whether or not Applicant is receiving credit for any of the time spent on parole,
and for any time spent in custody in Texas or in any other state while Applicant was subject to a pre-revocation warrant. Finally, the affidavit should indicate whether or not Applicant has submitted
his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was
submitted.
            The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04.
            The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov’t Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is receiving
the proper amount of time credit for any time he was subject to warrants or detainers prior to the
revocation of his parole or mandatory supervision. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: October 30, 2013
Do not publish